IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GORDON JACKSON, :
    Petitioner :
: No. 1:19-cv-2157
v. :
: (Judge Kane)
WARDEN OF FACILITY :
USP-ALLENWOOD, :
    Respondent :

**MEMORANDUM**

On December 19, 2019, pro se Petitioner Gordon Jackson ("Petitioner"), who is presently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a memorandum in support thereof (Doc. No. 2). Petitioner paid the requisite filing fee on January 14, 2020. On January 16, 2020, Petitioner filed a motion for leave to proceed in forma pauperis. (Doc. No. 5.) In light of Petitioner's payment of the filing fee, the Court will deny as moot his motion for leave to proceed in forma pauperis. For the reasons set forth below, the Court will dismiss Petitioner's § 2241 petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

In 1997, a grand jury sitting in the Eastern District of Louisiana charged Petitioner with conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846. (Doc. No. 2 at 14-15.) During Petitioner's criminal proceedings, the Government filed a Bill of Information, charging that Petitioner had previously been convicted of two (2) felony drug crimes. (Id. at 16-17.) A jury found Petitioner guilty, and he was sentenced to life imprisonment because of the two prior convictions. See United States v. Jackson, No. 98-31091, 1999 WL 706084, at *1 (5th

Cir. Aug. 17, 1999). Petitioner thereafter unsuccessfully sought post-conviction relief by filing a motion to vacate pursuant to 28 U.S.C. § 2255. See United States v. Jackson, No. 01-30288, 2002 WL 31845419, at *1 (5th Cir. Dec. 12, 2002).

In his § 2241 petition, Petitioner asserts that his life sentence is now invalid because Section 401(a)(2)(A)(ii) of the First Step Act of 2018 amended 21 U.S.C. § 841(b)(1)(A)(viii) to provide that individuals who have two (2) or more prior convictions for serious drug offenses are subject to a mandatory minimum of twenty-five (25) years' incarceration. (Doc. No. 2 at 3-4.) Petitioner maintains that his prior felony drug convictions no longer qualify as serious drug felonies under this new definition. (Id. at 4.) Petitioner alternatively argues that even if they do qualify, his "new statutory sentencing range is now 25 years to life." (Id.) Petitioner suggests further that he could have been subject to a statutory maximum of thirty (30) years only because his indictment "failed to allege a specific drug amount." (Doc. No. 1 at 8.) As relief, Petitioner requests that his sentence be reduced "to 25 to 30 years which is reasonable under the new guideline and statutory penalty range." (Id.)[1]

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

---

[1] A review of the docket in Petitioner's criminal proceedings reveals that on December 30, 2019, he filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act, seeking the same relief. That motion remains pending before the sentencing court. See United States v. Gordon, 2:97-cr-141-9 (E.D. La.) (Doc. No. 473).

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. foll. § 2254.

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to § 2255 in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." See In re

Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (quoting United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954)). Specifically, the United States Court of Appeals for the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)). This "safety-valve" clause is to be strictly construed. See Dorsainvil, 119 F.3d at 251; see also Russell, 325 F. App'x at 47 (noting that the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law"). A habeas petitioner bears the burden of demonstrating inadequacy or ineffectiveness. See Dorsainvil, 119 F.3d at 251-52; Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing Galante, 437 F.2d at 1165). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (providing that prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); Litterio, 369 F.2d at 396. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. See Galante, 437 F.2d at 1165.

As the Third Circuit recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer considered to be criminal conduct so as to avoid a complete miscarriage of justice. See Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000), claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. See United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." See Adderly v. Zickefoose, 459 F. App'x 73, 75 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("[Section] 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges his life sentence, asserting that his sentence is now invalid because the First Step Act of 2018 has since reduced the applicable penalty for his offense of conviction. Petitioner, however, has not met his burden of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. As noted above, sentencing claims "[do] not fall within the purview of the savings clause." See Adderly, 459 F. App'x at 75. Therefore, Petitioner may not rely upon § 2241 to raise such claims. See Murray v. Warden Fairton FCI, 710 F. App'x 518, 520 (3d Cir. 2018) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions."); see also Kenney, 391 F. App'x at 172; Okereke, 307 F.3d at 120-

21; Gordon v. United States, No. 3:18-cv-2420, 2019 WL 5864492, at *3-4 (M.D. Pa. Nov. 8, 2019) (dismissing inmate's § 2241 petition raising claim for relief under the First Step Act for lack of jurisdiction). Thus, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction.

### III.  CONCLUSION

Based on the foregoing, Petitioner's motion for leave to proceed in forma pauperis (Doc. No. 5) will be denied as moot. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.